UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                                                        Case No. 12-cr-3-PB-1
                                                          Opinion No. 2022 DNH 112

<u>Walter Williams</u>


### ORDER

Walter Williams received a 204-month sentence for Interference with Commerce by Threat or Violence in violation of 18 U.S.C. § 1951 (two counts) and Bank Robbery in violation of 18 U.S.C. § 2113(a) (one count). His anticipated release date is August 2, 2027. He is before the court on a motion for compassionate release.

Williams suffers from asymptomatic Low CD4 HIV and obesity. He has received two COVID-19 vaccine shots and one booster shot, and he is receiving treatment for his other health conditions. The government agrees that Williams' medical conditions provide an "extraordinary and compelling" reason for his compassionate release during the pendency of the COVID-19 pandemic. The government does not take issue with Williams' contention that his release would also be consistent with the applicable Sentencing Commission policy statement. The government instead bases its opposition to

Williams' motion on its contention that his early release would be inconsistent with the factors that a court ordinarily must consider when imposing a sentence pursuant to 18 U.S.C. § 3553(a). See <u>United States v. Texeira-Nieves</u>, 23 F.4th 48, 54-55 (1st Cir. 2022) (explaining that § 3553 factors must "weigh in favor" of compassionate release).

 I deny the motion for compassionate release because I agree with the government that a reduction of Williams' sentence would be inconsistent with the § 3553 sentencing factors. Both his prior criminal record and his current convictions demonstrate that he remains a danger to the public if he is released prematurely. The defendant has two juvenile adjudications for robbery and two distinct adult convictions for robbery. The defendant committed his current crimes less than two years after completing a 210-month sentence for multiple bank robberies. His current convictions are for two armed robberies and a bank robbery. The crimes that led to his current convictions are especially egregious. During the first armed robbery, he brandished a firearm and assaulted a manager with the gun. During the second armed robbery, he brandished a gun and pointed it directly at a store employee. During the bank robbery, he grabbed a teller by the neck, forced her to the vault, and ordered her to open the vault. While doing so, he kept screaming that the teller was not moving fast enough and repeatedly asked her, "what's more important, the money or your life?" Given the serious

nature of Williams' criminal record and his crimes of conviction, a 204-month sentence remains necessary to reflect the seriousness of his offenses, to deter others from committing similar offenses, and to protect the public from further crimes by the defendant.

I recognize that Williams suffers from serious medical conditions. I also do not discount the efforts he had made to further his rehabilitation while incarcerated. The problem is that his criminal record and crimes of conviction continue to require the sentence that I originally imposed remain in place. For these reasons, and the additional reasons set forth in the government's objection, the defendant's motion for compassionate release (Doc. No. 73) is denied.

SO ORDERED.

                                            /s/ Paul J. Barbadoro
                                            Paul J. Barbadoro
                                            United States District Judge

September 9, 2022

cc:    Counsel of Record
       U.S. Probation
       U.S. Marshal